IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMBAC ASSURANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FORT LEAVENWORTH FRONTIER HERITAGE COMMUNITIES, II, LLC,<br><br>Defendant. | Case No. 15-cv-9596-DDC-JPO |

**MEMORANDUM AND ORDER**

This matter comes before the court on defendant's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 35) and plaintiff's Motion for Leave to File Sur-reply in Opposition to Defendant's Motion to Dismiss (Doc. 46). Both parties have responded and replied to the motions. For reasons explained below, the court grants plaintiff's Motion for Leave to File Sur-Reply and grants defendant's Motion to Dismiss.

**I.      Plaintiff's Motion for Leave to File Sur-reply**

The court begins with plaintiff's Motion for Leave to File Sur-reply before turning to the parties' extensive briefing on the Motion to Dismiss.

Plaintiff has moved for leave to file a sur-reply to defendant's Motion to Dismiss. The District of Kansas Local Rules authorize a response and a reply memoranda to a motion. D. Kan. Rule 7.1. The court may authorize a sur-reply. *Mike v. Dymon, Inc.*, No. 95-2405-EEO, 1996 WL 427761, at *2 (D. Kan. July 25, 1996). But, "the court generally grants leave to file a sur-reply only in 'extraordinary circumstances after a showing of good cause.'" *Id.* (citation

1

omitted). Good cause exists, for example, when a reply brief improperly makes new arguments. *Id.*

The court grants plaintiff leave to file a sur-reply for good cause shown. Defendant raises new arguments in its Reply supporting its Motion to Dismiss plaintiff's Amended Complaint and its Supplement to Reply. Unless the court permitted a sur-reply, plaintiff would have no opportunity to respond to those new arguments. For these reasons, the court grants plaintiff's Motion for Leave to File Sur-reply and considers plaintiff's Sur-reply (Doc. 46-1) when deciding defendant's Motion to Dismiss.

## II. Defendant's Motion to Dismiss

### A. Background

All the papers filed on this motion narrow to one simple question: Does the court have diversity subject matter jurisdiction over this case? Typically, the court determines the answer to this question with little inquiry. Is it a civil case involving an amount in controversy that exceeds $75,000? Are the parties citizens of different states? When the answer to both questions is yes, the federal courts have subject matter jurisdiction to decide the case. *See* 28 U.S.C. § 1332. But when the answer to either question is no, the court must dismiss the case for lack of jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."). Here, there is no dispute that the matter in controversy exceeds $75,000. So, to determine whether diversity subject matter jurisdiction exists, the court needs only to decide whether the parties are citizens of the same state.

When the dispute is between business organizations, the court's inquiry becomes a little more complicated. For corporations, the citizenship determination, at least most of the time, is

straightforward.  A corporation is a citizen of its state of incorporation and the place where its principal place of business is located.  *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015); *see also* 28 U.S.C. § 1332(c)(1).  Unincorporated associations, such as limited liability companies ("LLC") and partnerships, present bigger challenges.  Those entities are citizens of their members/partners' states of citizenship.  *Grynberg*, 805 F.3d at 906.  Here, the defendant is an LLC, so the court must determine its citizenship under these rules.

The parties do not dispute plaintiff's citizenship.  Plaintiff is an insurance corporation, so its citizenship is determined by its state of incorporation and principal place of business.  Plaintiff was incorporated in Wisconsin and its principal place of business is in New York.  For subject matter jurisdiction purposes, then, plaintiff is a citizen of Wisconsin and New York.

With that half of the caption decided, solving the jurisdiction equation only requires the court to determine whether defendant, an LLC, is a citizen of Wisconsin or New York.  Defendant's LLC is comprised of just two members:  Fort Leavenworth-Michaels Private, LLC" ("FLMP, LLC") and Marlton Developers Holdings Co., LLC ("MDHC, LLC").  So, the court must determine the citizenship of FLMP, LLC and MDHC, LLC to decide whether subject matter jurisdiction exists.  And, because both members are LLCs themselves, the court also must determine their members' states of citizenship.  *See Siloam Springs Hotel LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members"); *see also Birdsong v. Westglen Endoscopy Ctr., LLC*, 176 F. Supp. 2d 1245, 1249 (D. Kan. 2001) (finding that an LLC is a citizen, for diversity purposes, of each state where its members are citizens).

Simple questions do not always beget simple answers, and this is where the endeavor gets more difficult.[1] Originally, defendant asserted that FLMP, LLC has only one member, Michael J. Levitt. Mr. Levitt is a citizen of New Jersey. Nothing about Mr. Levitt's citizenship negates diversity subject matter jurisdiction because Mr. Levitt is not a citizen of Wisconsin or New York. So far, so good. But, in a Supplemental Reply, defendant contends that Mr. Levitt transferred some of his interests in this LLC to another entity—the Michaels DJA Partnership ("MDJAP")—before this action was filed.[2] Defendant thus contends MDJAP was a member of FLMP, LLC at the operative time—when plaintiff filed its Complaint—so the court must consider MDJAP's citizenship when deciding whether diversity jurisdiction exists. Defendant also asserts that MDJAP's involvement matters, for one of MDJAP's partners, Andrew Bocchino, is, like plaintiff, a citizen of New York.[3]

---

[1] Plaintiff's briefing implies that when it comes to the citizenship facts, defendant has played a game of hide the ball. *See, e.g.*, Doc. 62 at 1. While the controlling facts have emerged gradually, the court cannot discern whether this resulted from gamesmanship, or, instead, the modern complexities of corporate structures. The jurisdictional decision does not require the court to decide between these alternatives. Still, the record should explain the chain of events that prolonged this process.

In brief, defendant asserted in its Motion to Dismiss that plaintiff's Amended Complaint failed to properly plead diversity subject matter jurisdiction because plaintiff incorrectly identified "Fort Leavenworth-Michaels JV, LLC" as a member of defendant's limited liability company instead of the correct entity—FLMP, LLC. Doc. 36 at 1–2. Plaintiff rectified this error in its Second Amended Complaint. Doc. 37-1. Then, in its Reply, defendant asserted for the first time that Mr. Levitt had transferred some of his interest in FLMP, LLC to MDJAP. Doc. 39. And defendant also asserted that FLMP, LLC includes at least one other limited liability company. Doc. 39 at 5. But, defendant explains that the identity of FLMP, LLC's members is not known publicly and so it did not disclose their citizenship. Doc. 39 at 5. Then, in its Supplemental Reply, defendant confirmed that Michaels DNJ Partnership holds a membership interest in FLMP, LLC. Doc. 40 at 1. Still, in this round of briefing, defendant did not assert the citizenship of any of its members.

[2] Defendant's Supplemental Reply refers to this partnership as "Michaels DNJ Partnership." Doc. 40 at 1. In its Opposition to Plaintiff's Motion for Leave to File Sur-reply, defendant refers to this partnership as "Michaels DJA Partnership," and this is consistent with the name listed in defendant's exhibits. So, the court refers to this partnership as "Michaels DJA Partnership" ("MDJAP").

[3] Defendant did not disclose Mr. Bocchino as a partner in MDJAP in its Motion to Dismiss briefing. Defendant identified Mr. Bocchino first in its brief opposing plaintiff's Motion for Leave to File Sur-reply. Doc. 46 at 1–2. Plaintiff now has filed a Supplemental Brief in Opposition to Defendant's Second Motion to Dismiss for Purported Lack of Subject Matter Jurisdiction (Doc. 62). Plaintiff asserts that since its last filing, it has deposed Mr. Bocchino and defendant's corporate representative, and that this deposition testimony revealed that MDJAP is not a member

This is where the parties disagree.  Defendant contends that Andrew Bocchino is a partner of MDJAP, and this fact puts a New York citizen on defendant's half of the caption.  If a New York citizen is chargeable to the defendant's side of the caption, it nullifies diversity subject matter jurisdiction because the corporate plaintiff is a New York citizen.  Plaintiff, on the other hand, contends MDJAP never became a member of FLMP, LLC, because FLMP, LLC never fulfilled the legal formalities required to make MDJAP a member.  So, all this means that the court must determine whether MDJAP is a member of FLMP, LLC.

Defendant's challenge takes the form of a factual attack because it challenges the facts on which diversity jurisdiction depends.  *See Krapes v. Equus Kan. Realty, LLC*, No. 11-2696-JAR-JPO, 2012 WL 1945124, at *1 (D. Kan. May 30, 2012).  "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations."  *Id.*  The court has "wide discretion to allow affidavits" and other documents to resolve "disputed jurisdictional facts."  *Id.*

Because FLMP, LLC is a Kansas LLC, Doc. 62-2, and its Operating Agreement provides that it is governed by Kansas law, *id.* at 7, the court turns to Kansas law.  After identifying the controlling legal principles, the court applies them to the agreed facts and exhibits in the next section.

### B. Is MDJAP a Member of FLMP, LLC?

#### 1. Kansas LLC Law

Mr. Levitt assigned MDJAP a 24% limited liability interest in FLMP, LLC effective June 1, 2006.  Doc. 62-3.  Under the Kansas Revised Limited Liability Company Act, "[a] limited liability company interest is assignable in whole or in part except as provided in an operating

---

of FLMP, LLC.  Unsurprisingly, defendant responded, asserting that the records reveal that MDJAP is a member of FLMP, LLC.  *See* Doc. 68 at 1–3.

agreement." Kan. Stat. Ann. § 17-76,112(a).  And the Operating Agreement of FLMP, LLC confers authority on FLMP, LLC's members to "sell, convey, mortgage, grant a security interest in . . . real, personal, tangible, or intangible property . . . including interests in the company itself."  Doc. 62-2 at 4.  But, the Kansas appellate courts have held that assignment of an interest in a LLC does not automatically make the assignee a member of the LLC.  *See Rowe v. Voyager Hospicecare Holdings, LLC*, 231 P.3d 1085, 2010 WL 2502878, at *5 (Kan. Ct. App. June 18, 2010) (holding that "there may be assignments of units by a member that do not result in the assignee gaining approval as a substituted member" where the operating agreement requires board approval).  Indeed, an LLC's operating agreement governs how assignees become members.  *See* Kan. Stat. Ann. § 17-7686 ("[A] person is admitted as a member of the limited liability company upon . . . the time provided in and upon compliance with the operating agreement . . . .").

 FLMP, LLC's operating agreement never specifies how someone becomes a member of this LLC.  *See* Doc. 68-2.  Here, when the operating agreement is silent, the Kansas Revised Limited Liability Company Act provides that an assignee may become a member of the LLC in one of two ways:  (1) upon the affirmative vote of all members of the LLC, or (2) by securing written consent of all of the members of the limited liability company.  Kan. Stat. Ann. § 17-76,114(a)(2).  Defendant does not provide, and the court does not find, any evidence that FLMP, LLC's members took an affirmative vote making MDJAP a member.  So, the court considers next whether the record contains evidence that all of FLMP,LLC's members gave their written consent to admitting MDJAP as a member.

### 2. Membership by Written Consent

The only evidence of written consent to membership is the document assigning MDJAP a 24% interest in FLMP, LLC. This Assignment reads: "Assignor agrees to take such further action as may be required to admit Assignee [MDJAP] as a substitute member in the Company." Doc. 62-3. Mr. Levitt, FLMP, LLC's only member, signed this document.

Some aspects of this Assignment suggest that Mr. Levitt did not intend for that instrument to manifest his written consent to MDJAP becoming a member of FLMP, LLC. For example, Mr. Levitt promised "to take such further action" as may be required to make MDJAP a member. *Id.* If making MDJAP a member required "further action," then, arguably, Mr. Levitt did not mean for the Assignment to manifest his consent to adding another member. But other credible arguments support the opposite conclusion.

For one thing, the assignment merely provides that Mr. Levitt will "take such further action as may be required" to admit MDJAP as a member. One fairly could interpret these words to apply the kind of careful belt-and-suspenders approach corporate drafters are famous for using. Also favoring this interpretation is Cheryl Hernandez's testimony. Ms. Hernandez, designated as a corporate representative to testify for defendant as a person knowledgeable about FLMP, LLC's corporate processes, testified that the Assignment assigning MDJAP an interest in FLMP, LLC also conferred membership status on MDJAP. Doc. 62-1 at 56. But the court recognizes that such testimony by a representative of a company with an interest in the outcome is hardly dispositive.

In sum, the intent of the only document that purportedly memorializes unanimous consent by all of FLMP, LLC's members to MDJAP's admission as a member is ambiguous.

The court thus turns to the next source of information about MDJAP's membership status—FLMP, LLC's corporate records.

### 3. Membership Status as Reflected in Records

Kan. Stat. Ann. § 17-7686 governs the admission of LLC members, generally. It provides that a person is admitted as a member of a limited liability company upon the later to occur: "(1) [t]he formation of the limited liability company; or (2) the time provided in and upon compliance with the operating agreement or, if the operating agreement does not so provide, when the person's admission is reflected in the records of the limited liability company." Kan. Stat. Ann. § 17-7686. As already explained, FLMP, LLC's Operating Agreement is silent on this score. And since MDJAP's admission as a member occurred—if it occurred at all—sometime after FLMP, LLC was formed, the court turns to the content of its "records."

Plaintiff contends that none of FLMP, LLC's annual reports filed with the Kansas Secretary of State reflect MDJAP as a member. This is significant because Kansas' annual report form explicitly asks the LLC to identify any member who owns 5% or more of the LLC. *See* Doc. 62-4. Defendant responds to this omission by emphasizing that other corporate records show that MDJAP is a member. Namely, FLMP, LLC's tax records declare that MDJAP is one of its members. Doc. 72 SEALED at 8. Defendant asserts that this satisfies Kan. Stat. Ann. § 17-786 because the tax records are one aspect of MDJAP's "corporate records."

### C. On these Facts, has Plaintiff Carried its Burden?

In the real world, facts frequently are cluttered, clunky, and sometimes contradictory. They simply won't conform to just one side of questions presenting a simple binary choice. Did Michael Levitt consent or not consent to making MDJAP a member? Is FLMP, LLC a New

8

York citizen, or not?  The best the record here can do is to provide the same uncertain answer to both questions:  maybe, but maybe not.

Finding no certainty in the facts, the court takes refuge in the controlling legal standard.  The "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  So, when assessing the existence of subject matter jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).  Here, that party is plaintiff and the court finds that plaintiff has not sustained this burden.

One final observation is warranted.  To some, it may seem unfair to permit defendant to argue here that its constituent FLMP, LLC, has admitted MDJAP as a member when that constituent has not complied with its duty to disclose MDJAP in its mandatory corporate filings with the Kansas Secretary of State.  Certainly, in another setting, the court can imagine that estoppel principles might preclude defendant from arguing that MDJAP is FLMP, LLC's member.  That principle does not apply here, for estoppel equities cannot supply the essential requisites for subject matter jurisdiction.  *Palafox St. Assocs., L.P. v. United States*, 114 Fed. Cl. 773, 785 (Fed. Cl. 2014) ("[I]t is well settled that no action of the parties can confer subject-matter jurisdiction on a tribunal and that the principles of estoppel do not apply to vest subject-matter jurisdiction where Congress has not done so."  (citing *Dunklebarger v. Merit Sys. Prot. Bd.*, 130 F.3d 1476, 1480 (Fed. Cir. 1997))).[4]

---

[4] Lost, but not forgotten is defendant's second member—MDHC, LLC.  Though the parties' papers never provide information needed to determine its citizenship, this omission does not matter.  It does not matter because the court has concluded that FLMP, LLC precludes complete diversity.  MDHC, LLC's citizenship, whatever it is, cannot reverse that conclusion.

### III.     Conclusion

After granting plaintiff's Motion for Leave to File Sur-reply (Doc. 46), the court holds that plaintiff has not met its burden to establish that diversity jurisdiction exists.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Leave to File Sur-reply (Doc. 46) is granted.

**IT IS FURTHER ORDERED BY THE COURT THAT** defendant's Motion to Dismiss (Doc. 35) is granted.  This case is dismissed without prejudice.

**IT IS SO ORDERED.**

**Dated this 17th day of March, 2017, at Topeka, Kansas.**

>                         **s/ Daniel D. Crabtree**
>                         **Daniel D. Crabtree**
>                         **United States District Judge**